NORTHERN PACIFIC RAILWAY COM-
PANY, a Corporation, Plaintiff,

v.

UNITED STATES of America,
Defendant (two cases).

Civ. Nos. 3-58-28, 3-58-29.

United States District Court
D. Minnesota,
Third Division.

March 13, 1959.

M. L. Countryman, Jr., Earl F. Requa, W. S. Lycan, Jr., St. Paul, Minn., for plaintiff.

E. Craig Kennedy, Atty., Washington, D. C., Fallon Kelly, U. S. Atty., John J. Connelly, Asst. U. S. Atty., St. Paul, Minn., for defendant.

DONOVAN, District Judge.

The above two cases were consolidated for hearing and were tried to the Court on February 18, 1959. In the first action plaintiff seeks to recover $7,942.37 and in the second action plaintiff seeks to recover $3,829.49 from defendant.

Defendant by answer pleads the Statute of Limitations in bar.[1]

The facts are undisputed in all respects except as to the tariff charges applicable.

Plaintiff is a common carrier by railroad and during all times herein was engaged in interstate commerce and subject to the Act of Congress approved March 3, 1887, as amended. Plaintiff's lines of railroad connect with the lines of other common carriers by railroad which likewise are engaged in interstate commerce and subject to the Interstate Commerce Act and plaintiff, with its connecting carriers, forms through lines for interstate railroad transportation between Army Point and Herlong, California, on the one hand, and Bangor and Pomona, Washington, on the other.

Plaintiff, by itself, and jointly with connecting carriers, has at all times published, filed and maintained tariffs according to law and regulations of the Interstate Commerce Commission, naming all rates and charges for the transportation of freight between points on its own lines and points on the lines of other railroads.

The suits involve eleven and four carloads respectively of ammunition for cannon with explosive projectiles which the United States of America, defendant herein, caused to be delivered to the Southern Pacific Company, a connecting

1. 49 U.S.C.A. § 16(3) (a); United States v. Western Pac. R. Co., 352 US. 59, 70, 77 S.Ct. 161, 1 L.Ed.2d 126.

carrier of the plaintiff at Army Point and Herlong, California, for transportation on Government bills of lading over the lines of the plaintiff and its connecting carriers to Bangor and Pomona, Washington. All of said shipments were duly accepted by the Southern Pacific Company and were thereupon duly transported by said connecting carrier and plaintiff to said ultimate destinations in accordance with shipping instructions theretofore given by the defendant, and upon delivery to the destinations aforesaid, were delivered to and accepted by the defendant.

Plaintiff contends that after said shipments moved, bills were duly rendered the defendant by the plaintiff for the transportation of said shipments on the basis of $3.65 per one hundred pounds, in accordance with Transcontinental Freight Bureau Section 22 Quotation No. 13–A, dated July 8, 1943, as amended, which provided rates on ammunition, fixed or semi-fixed, for cannon. The aggregate amount of transportation charges on the eleven carloads as thus assessed was $29,218.09 and on the four carloads $13,652.33. Plaintiff further avers that no action or suit has been commenced or is pending in any other court, executive department or agency other than as herein indicated on account of these claims.

Defendant contends, (in addition to the Statute of Limitations supra) that the third-class rate contained in PFTB Tariff No. 234–C, Agent J. P. Haynes' I.C.C. No. 1508, Item 160, applied.

Defendant at trial and by brief admits it owes plaintiff a balance of $1,326.14.

The Court is asked to construe the tariff rates applicable to the shipments in question. In my opinion, determination as to which of several rates apply is for the Interstate Commerce Commission in the first instance under the doctrine of primary jurisdiction.

The cost allocation in dispute is relevant and the Interstate Commerce Commission is the administratve agency initially responsible for the regulatory duty of allocating the rate properly applicable to the shipments in question.[2]

Absent such preliminary determination by the Interstate Commerce Commission, this Court is not permitted to construe the tariff.[3] The need for said preliminary determination is not supplanted by the petition of plaintiff for modified procedure before the Commission.

It is therefore ordered that proceedings in this Court be held in abeyance pending preliminary determination by the Interstate Commerce Commission.

Exceptions are allowed.

2. United States v. Western Pac. R. Co., supra.

3. Northern Pac. Ry. Co. v. United States, 8 Cir., 213 F.2d 366.